Attorney or Party Name, Address, Telephone & FAX
Nos. State Bar No. & Email Address

FOR COURT USE ONLY

Joseph R. Manning, Jr
4667 MacArthur Blvd
Suite 150
Newport Beach, CA 92660
949-200-8755 Fax: 866-843-8308
223381
info@manninglawoffice.com

☐ Individual appearing without attorney
☑ Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In re

Paul Brian Garcia

CASE NO : 2:15-bk-24769-NB

CHAPTER: 13

SUMMARY OF AMENDED SCHEDULES,
MASTER MAILING LIST,
AND/OR STATEMENTS
[LBR 1007-1(c)]

Debtor(s)

A filing fee is required to amend Schedules D, E, or F (see Abbreviated Fee Schedule on the Court's website www.cacb.uscourts.gov) A supplemental master mailing list (do not repeat any creditors on the original) is also required as an attachment if creditors are being added to the Schedule D or F. Are one or more creditors being added?   ☐ Yes       ☐ No

The following schedules, master mailing list or statements (check all that apply) are being amended.

☐ Schedule A       ☐ Schedule B       ☐ Schedule C       ☐ Schedule D       ☑ Schedule E

☑ Schedule F       ☐ Schedule G       ☐ Schedule H       ☐ Schedule I       ☐ Schedule J

☑ Master Mailing List       ☐ Statement of Social Security Number(s)       ☐ Statement of Financial Affairs

☐ Statement of Intention       ☑ Other (specify)       Chapter 13 Plan

I/we declare under penalty of perjury under the laws of the United States that the amended schedules, master mailing list, and or statements are true and correct.

Date:    November 10, 2015

Paul Brian Garcia
Debtor's Signature

Co-Debtor's Signature, if applicable

NOTE: It is the responsibility of the Debtor, or the Debtor's attorney, to serve copies of all amendments on all creditors listed in this Summary of Amended Schedules, Master Mailing List, and/or Statements, and to complete and file the attached Proof of Service of Document.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

June 2015                                  Page 1                          F 1007-1.1.AMENDED.SUMMARY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**4667 MacArthur Blvd**
**Suite 150**
**Newport Beach, CA 92660**

A true and correct copy of the foregoing document entitled (*specify*): __**Summary of Amended Schedules, Master**__
__**Mailing List, Amended Schedule E and F, and Amended Chapter 13 Plan**__ will be served or was served **(a)** on the
judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
(*date*) __11/13/15__ , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

Marian Garza                          ecfnotices@ascensioncapitalgroup.com
Darlene C. Vigil                       cdcaecf@bdfgroup.com
Kathy A Dockery (TR)                   efiling@CH13LA.com
Ramesh Singh                          claims@recoverycorp.com
United States Trustee (LA)            ustpregion16.la.ecf@usdoj.gov

page                                                    ☐ Service information continued on attached

2. **SERVED BY UNITED STATES MAIL**: On (*date*) __11/13/15__ , I served the following persons and/or entities at the
last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a
sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

page                                                    ☑ Service information continued on attached

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ____ , I served the following
persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service
method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal
delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

page                                                    ☐ Service information continued on attached

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| **November 13, 2015** | **Diana Lopez** | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Paul Brian Garcia
102 W Haltern Ave
Glendora, CA 91740


Joseph R. Manning, Jr
The Manning Law Office
4667 MacArthur Blvd
Suite 150
Newport Beach, CA 92660


Ag Intl Serv
2226 E Claire Dr
Phoenix, AZ 85022


Allied Credit/Alliance One
Attn: Bankruptcy
PO Box 2449
Gig Harbor, WA 98335


Amerassist Ar Solution
455 Hutchinson Ave S
Suite 5
Columbus, OH 43235


Bank of America
Recovery Department
4161 Piedmont Pkwy
Greensboro, NC 27410


Bank of America
Attn: Recovery Department
4161 Piedmont Pkwy
Greensboro, NC 27410


Brown & Joseph Ltd
1701 Golf Rd
Building 2
Rolling Meadows, IL 60008

Capital One Bank Usa N
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130


Central Financial Control
Attention: Bankruptcy
PO Box 66044
Anaheim, CA 92816


Central Financial Control
Attention: Bankruptcy
PO Box 66044
Anaheim, CA 92816


CMRE Financial Svcs
3075 E Imperial Hwy
Brea, CA 92821


Comenity Bank/dressbrn
Attention: Bankruptcy
PO Box 182686
Columbus, OH 43218


Comnwlth Fin
245 Main Street
Scranton, PA 18519


Credit One Bank
PO Box 98873
Las Vegas, NV 89193


Ford Motor Credit Corp
PO Box 6275
Dearborn, MI 48121

Grant Mercantile Age
49099 Road 426
Oakhurst, CA 93644


Internal Revenue Service
Centralized Insolvency Operation
PO Box 21126
Philadelphia, PA 19114


Kohls/Cap One
N56 W 17000
Ridgewood Drive
Menomonee Falls, WI 53051


LA County Recorder
LAX Courthouse
11701 S La Cienega Blvd
6th Floor
Los Angeles, CA 90045


Legal Recovery Law Offices
5030 Camino De La Siesta #340
San Diego, CA 92108


Lvnv Funding LLC
C/o Resurgent Capital
Greenville, SC 29603


Medicredit, Inc.
PO Box 1629
Maryland Heights, MO 63043


Portfolio Recovery
Attn. Bankruptcy
PO Box 41067
Norfolk, VA 23541

Reese Law Group
3168 Lionshead Ave
Carlsbad, CA 92010


State of CA
Franchise Tax Board
PO Box 942687
Sacramento, CA 94267


Wells Fargo
Attn. Bankruptcy Dept
T7419-015
PO Box 659558
San Antonio, TX 78265


Yamaha/gemb
GEMB/Attn. Bankruptcy Department
PO Box 103106
Roswell, GA 30076

B6E (Official Form 6E) (4/13)

In re   **Paul Brian Garcia**                                                                     Case No.   **2:15-bk-24769-NB**
_____,
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS - AMENDED

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts **not** entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**2**____ continuation sheets attached

B6E (Official Form 6E) (4/13) - Cont.

In re    **Paul Brian Garcia**                                        Case No.    **2:15-bk-24769-NB**
                                                   ,
                                        Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS - AMENDED
### (Continuation Sheet)

**Taxes and Certain Other Debts Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. **4729**<br><br>**Allied Credit/Alliance One**<br>**Attn: Bankruptcy**<br>**PO Box 2449**<br>**Gig Harbor, WA 98335** | C | | 2015<br><br>Collection Account<br>Original Creditor City of Los Angeles | | | | **312.00** | 0.00 | **312.00** |
| Account No.<br><br>**Internal Revenue Service**<br>**Centralized Insolvency Operation**<br>**PO Box 21126**<br>**Philadelphia, PA 19114** | C | | 2014<br><br>Federal Taxes | | | | **5,252.00** | 0.00 | **5,252.00** |
| Account No.<br><br>**Internal Revenue Service**<br>**Centralized Insolvency Operation**<br>**PO Box 21126**<br>**Philadelphia, PA 19114** | C | | 2013<br><br>Federal Taxes | | | | **4,302.00** | 0.00 | **4,302.00** |
| Account No. **Docket 20131634739**<br><br>**LA County Recorder**<br>**LAX Courthouse**<br>**11701 S La Cienega Blvd**<br>**6th Floor**<br>**Los Angeles, CA 90045** | C | | 2013<br><br>Unreleased Tax Lien | | | | **280.00** | 0.00 | **280.00** |
| Account No. **Docket 20121818032**<br><br>**LA County Recorder**<br>**LAX Courthouse**<br>**11701 S La Cienega Blvd**<br>**6th Floor**<br>**Los Angeles, CA 90045** | C | | 2012<br><br>Unreleased Tax Lien | | | | **284.00** | 0.00 | **284.00** |

Sheet **1** of **2** continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

Subtotal
(Total of this page)

| | |
|---|---|
| 0.00 | |
| **10,430.00** | **10,430.00** |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

B6E (Official Form 6E) (4/13) - Cont.

In re    **Paul Brian Garcia**                                                                   Case No.   **2:15-bk-24769-NB**
                                        _____
                                                Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS - AMENDED
### (Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. Docket 20120071120 <br><br>**LA County Recorder**<br>**LAX Courthouse**<br>**11701 S La Cienega Blvd**<br>**6th Floor**<br>**Los Angeles, CA 90045** | | C | 2012<br><br>**Unreleased Tax Lien** | | | | **294.00** | 0.00 | **294.00** |
| Account No. **20101696295** <br><br>**LA County Recorder**<br>**LAX Courthouse**<br>**11701 S La Cienega Blvd**<br>**6th Floor**<br>**Los Angeles, CA 90045** | | C | 2010<br><br>**Unreleased Tax Lien** | | | | **301.00** | 0.00 | **301.00** |
| Account No. **Docket 20091775558** <br><br>**LA County Recorder**<br>**LAX Courthouse**<br>**11701 S La Cienega Blvd**<br>**6th Floor**<br>**Los Angeles, CA 90045** | | C | 2009<br><br>**Unreleased Tax Lien** | | | | **362.00** | 0.00 | **362.00** |
| Account No. <br><br>**State of CA**<br>**Franchise Tax Board**<br>**PO Box 942687**<br>**Sacramento, CA 94267** | | - | 2014<br><br>**State Back Taxes** | | | | **1,517.00** | 0.00 | **1,517.00** |
| Account No. <br><br>**State of CA**<br>**Franchise Tax Board**<br>**PO Box 942687**<br>**Sacramento, CA 94267** | | - | 2013<br><br>**State Back Taxes** | | | | **1,946.00** | 0.00 | **1,946.00** |

Sheet __**2**__ of __**2**__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal | 0.00 | |
| (Total of this page) | **4,420.00** | **4,420.00** |
| Total | 0.00 | |
| (Report on Summary of Schedules) | **14,850.00** | **14,850.00** |

B6F (Official Form 6F) (12/07)

In re   **Paul Brian Garcia**                                                   Case No.   **2:15-bk-24769-NB**
_____,
Debtor

## AMENDED
# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. **1944**<br><br>Ag Intl Serv<br>2226 E Claire Dr<br>Phoenix, AZ 85022 | | | C | | 2015<br>Collection Account<br>Original Creditor Med1 02 Good Night Pediatrics | | | | 240.00 |
| Account No. **9305**<br><br>Amerassist Ar Solution<br>455 Hutchinson Ave S<br>Suite 5<br>Columbus, OH 43235 | | | C | | 2012<br>Collection Account<br>Original Creditor Huntington Medical Foundation | | | | 184.00 |
| Account No. **3904**<br><br>Bank of America<br>Recovery Department<br>4161 Piedmont Pkwy<br>Greensboro, NC 27410 | | | C | | 2003<br> Credit Card | | | | 9,839.00 |
| Account No. **8964**<br><br>Bank of America<br>Attn: Recovery Department<br>4161 Piedmont Pkwy<br>Greensboro, NC 27410 | | | C | | 1988<br> Credit Card | | | | 269.00 |

___**4**___  continuation sheets attached

Subtotal         10,532.00
(Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re  **Paul Brian Garcia**                                                Case No.  **2:15-bk-24769-NB**
_____ ,
                              Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 6319<br><br>Brown & Joseph Ltd<br>1701 Golf Rd<br>Building 2<br>Rolling Meadows, IL 60008 | | C | 2013<br>Collection Account<br>Original Creditor Safeco | | | | 48.00 |
| Account No. 8487<br><br>Capital One Bank Usa N<br>Attn: Bankruptcy<br>PO Box 30285<br>Salt Lake City, UT 84130 | | C | 2014<br>  Credit Card | | | | 232.00 |
| Account No. 3602<br><br>Central Financial Control<br>Attention:  Bankruptcy<br>PO Box 66044<br>Anaheim, CA 92816 | | C | 2013<br>Collection Account<br>Original Creditor Foothill Presbyterian Hospital | | | | 818.00 |
| Account No. 3601<br><br>Central Financial Control<br>Attention:  Bankruptcy<br>PO Box 66044<br>Anaheim, CA 92816 | | C | 2011<br>Collection Account<br>Origianl Creditor Foothill Presbyterian Hospital | | | | 732.00 |
| Account No. 2667<br><br>CMRE Financial Svcs<br>3075 E Imperial Hwy<br>Brea, CA 92821 | | C | 2010<br>Collection Account<br>Original Creditor Verdugo Hills Hospital | | | | 521.00 |

Sheet no. __1__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                              2,351.00

B6F (Official Form 6F) (12/07) - Cont.

In re    **Paul Brian Garcia**
_____,    Case No.    **2:15-bk-24769-NB**
                              Debtor

## AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No. **2872** <br><br> CMRE Financial Svcs <br> 3075 E Imperial Hwy <br> Brea, CA 92821 | | | C | | 2010 <br> Collection Account <br> Original Creditor Verdugo Hills Hospital | | | | 125.00 |
| Account No. **2530** <br><br> CMRE Financial Svcs <br> 3075 E Imperial Hwy <br> Brea, CA 92821 | | | C | | 2010 <br> Collection Account <br> Original Creditor Verdugo Hills Anesthesia Group | | | | 42.00 |
| Account No. **1321** <br><br> CMRE Financial Svcs <br> 3075 E Imperial Hwy <br> Brea, CA 92821 | | | C | | 2012 <br> Collection Account <br> Original Creditor Verdugo Hills Hospital | | | | 39.00 |
| Account No. **6004** <br><br> Comenity Bank/dressbrn <br> Attention: Bankruptcy <br> PO Box 182686 <br> Columbus, OH 43218 | | | C | | 2012 <br> Credit Card | | | | 329.00 |
| Account No. **15N1** <br><br> Comnwlth Fin <br> 245 Main Street <br> Scranton, PA 18519 | | | C | | 2015 <br> Collection Account <br> Original Creditor Med1 Glendora Emergency Physicians | | | | 250.00 |

Sheet no. __2__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    785.00

B6F (Official Form 6F) (12/07) - Cont.

In re __Paul Brian Garcia_____,    Case No. __2:15-bk-24769-NB__
                          Debtor

# AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H | W | J C | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Account No. 1534<br><br>Credit One Bank<br>PO Box 98873<br>Las Vegas, NV 89193 | C | | | | 2014<br>Credit Card | | | | 487.00 |
| Account No. 1557<br><br>Ford Motor Credit Corp<br>PO Box 6275<br>Dearborn, MI 48121 | C | | | | 2005<br>Unknown | | | | 1,325.84 |
| Account No.<br><br>Reese Law Group<br>3168 Lionshead Ave<br>Carlsbad, CA 92010 | | | | | Representing:<br>Ford Motor Credit Corp | | | | Notice Only |
| Account No. 10E1<br><br>Grant Mercantile Age<br>49099 Road 426<br>Oakhurst, CA 93644 | C | | | | 2010<br>Collection Account<br>Original Creditor The Hill Medical Corporation | | | | 50.00 |
| Account No. 4821<br><br>Kohls/Cap One<br>N56 W 17000<br>Ridgewood Drive<br>Menomonee Falls, WI 53051 | C | | | | 2010<br>Credit Card | | | | 643.00 |

Sheet no. __3__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    **2,505.84**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Paul Brian Garcia**                                          Case No.   **2:15-bk-24769-NB**
                          Debtor

## AMENDED
## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 09CJ6026 <br><br> Legal Recovery Law Offices <br> 5030 Camino De La Siesta #340 <br> San Diego, CA 92108 | C | | Judgment 2009 <br> Enforcement of Judgment - Wage Garnishment | | | | 1,983.56 |
| Account No. 6376 <br><br> Lvnv Funding LLC <br> C/o  Resurgent Capital <br> Greenville, SC 29603 | C | | 2013 <br> Collection Account <br> Original Creditor HSBC Bank | | | | 600.00 |
| Account No. 8362 <br><br> Medicredit, Inc. <br> PO Box 1629 <br> Maryland Heights, MO 63043 | C | | 2014 <br> Collection Account <br> Original Creditor Pomona Valley Hospital | | | | 208.00 |
| Account No. 8447 <br><br> Portfolio Recovery <br> Attn. Bankruptcy <br> PO Box 41067 <br> Norfolk, VA 23541 | C | | 2013 <br> Collection Account <br> Original Creditor Citibank N. A. | | | | 1,050.00 |
| Account No. <br><br><br><br> | | | | | | | |

Sheet no. __4__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| Subtotal <br> (Total of this page) | | 3,841.56 |
| Total <br> (Report on Summary of Schedules) | | 20,015.40 |

| Attorney or Party Name, Address, Telephone & FAX Nos.; State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Joseph R. Manning, Jr  223381**<br>**The Manning Law Office**<br>**4667 MacArthur Blvd**<br>**Suite 150**<br>**Newport Beach, CA 92660**<br>**949-200-8755 Fax: 866-843-8308**<br>**223381**<br>**info@manninglawoffice.com**<br><br><br><br>☐ *Individual appearing without attorney*<br>■ *Attorney for:* Debtor | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

</div>

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>    **Paul Brian Garcia**<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.:. **2:15-bk-24769-NB**<br><br>CHAPTER **13**<br><br><div align="center">**AMENDED**<br>**CHAPTER 13 PLAN**</div> |
|---|---|
| | **CREDITORS MEETING:**<br>Date:    **10/30/15**<br>Time:    **9:00 am**<br>Place:   **RM 1, 915 Wilshire Blvd., 10th Floor, , Los Angeles, CA 90017**<br><br><br>**CONFIRMATION HEARING:**<br>Date:    **11/19/15**<br>Time:    **9:30 am**<br>Place:   **Crtrm 1545, 255 E Temple St., Los Angeles, CA 90012** |

<div align="center">

## NOTICE

</div>

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the chapter 13 trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C. §1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                             Page 1                              **F3015-1.01.CHAPTER13.PLAN**

the terms of the Plan.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                          Page 2                          **F3015-1.01.CHAPTER13.PLAN**

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I.  **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

    The Debtor submits the following to the supervision and control of the chapter 13 trustee:

A.  Payments by Debtor of **$1,555.90** per month for **20** months, then **$2,115.90** per month for **40** months.  This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B.  The base plan amount is $ **115,754.00**  which is estimated to pay **44** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the chapter 13 trustee may increase the percentage to be paid to creditors accordingly.

C.  Amounts necessary for the payment of postpetition claims allowed under 11 U.S.C. § 1305.

D.  Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the chapter 13 trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The chapter 13 trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the chapter 13 trustee's account. The chapter 13 trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E.  Other property:  (*specify property or indicate none*)
    **NONE**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                      *Page 3*                          **F3015-1.01.CHAPTER13.PLAN**

**II.   ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the Plan or by court order, the chapter 13 trustee shall disburse all available funds for the payment of claims as follows:

A.   ORDER OF PAYMENTS:

1.   If there are Domestic Support Obligations, the order of priority shall be:

(a)   Domestic Support Obligations and the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date;

(b)   Administrative expenses (Class 1(a)) in an amount not exceeding _____% of each Plan Payment until paid in full;

2.   If there are no Domestic Support Obligations, the order of priority shall be the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding ___% of each Plan Payment until paid in full.

3.   Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the chapter 13 trustee from the Plan Payment; such secured debt may be paid by the chapter 13 trustee commencing with the inception of Plan Payments.

4.   Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5.   No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                              Page 4                    **F3015-1.01.CHAPTER13.PLAN**

B.   CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 | | | | | |
| --- | --- | --- | --- | --- | --- |
| ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507 | | | | | |
| The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4). | | | | | |
| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| a.   Administrative Expenses | | | | | |
| (1)   Chapter 13 trustee's fee – estimated at 10% of all payments to be made to all classes through this Plan. | | | | | |
| (2)   Attorney's Fees | | | | | |
| (3)   Chapter 7 trustee's fees | | | | | |
| (4)   Other | | | | | |
| b.   Other Priority Claims | | | | | |
| (1)   Internal Revenue Service | | | | | |
| (2)   Franchise Tax Board | | | | | |
| (3)   Domestic Support Obligation | | | | | |
| (4)   Other | | | | | |
| Allied Credit/Alliance One | $312.00 | 0% | $34.67 | 9 | $312.00 |
| Internal Revenue Service | $5,252.00 | 0% | $583.56 | 9 | $5,252.00 |
| Internal Revenue Service | $4,302.00 | 0% | $478.00 | 9 | $4,302.00 |
| LA County Recorder | $280.00 | 0% | $31.11 | 9 | $280.00 |
| LA County Recorder | $284.00 | 0% | $31.56 | 9 | $284.00 |
| LA County Recorder | $294.00 | 0% | $32.67 | 9 | $294.00 |
| LA County Recorder | $301.00 | 0% | $33.44 | 9 | $301.00 |
| LA County Recorder | $362.00 | 0% | $40.22 | 9 | $362.00 |
| State of CA | $1,517.00 | 0% | $168.56 | 9 | $1,517.00 |
| State of CA | $1,946.00 | 0% | $216.22 | 9 | $1,946.00 |
| c.   Domestic Support Obligations that are not to be paid in full in the Plan (specify creditor name): | | | | | |
| | | | | | |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                    Page 5                    F3015-1.01.CHAPTER13.PLAN

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1. ☐    The postconfirmation monthly mortgage payment will be made by the chapter 13 trustee from the Plan Payment to:

2. ■    The postconfirmation monthly mortgage payment will be made by the Debtor directly to:

Wells Fargo                                                                    3222
_____                    _____
           (name of creditor)                                              (last 4 digits of account number)

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default | | | | |
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|
| Wells Fargo | 3222 | $70,105.91 | 0 | $1,669.19 | 42 | $70,105.91 |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last 4 Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                        Page 6                            F3015-1.01.CHAPTER13.PLAN

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1.  ☐    The postconfirmation monthly payment pursuant to the promissory note will be made by the chapter 13 trustee from the Plan Payment to:

2.  ☐    The postconfirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____                    _____
          (name of creditor)                                           (last 4 digits of account number)

_____                    _____
          (name of creditor)                                           (last 4 digits of account number)

The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |
| | | | | | | |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

The Debtor estimates that non-priority unsecured claims total the sum of  __$45,660.40__ .

Class 5 claims will be paid as follows:

(Check one box only.)

■    Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.
OR

☐    Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III.    COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ __0.00__  which is estimated to pay __0__ % of the scheduled nonpriority unsecured debt.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                           Page 7                          F3015-1.01.CHAPTER13.PLAN

## IV.   PLAN ANALYSIS

| | |
|---|---:|
| **CLASS 1a** | $0.00 |
| **CLASS 1b** | $14,850.00 |
| **CLASS 1c** | $0.00 |
| **CLASS 2** | $70,105.91 |
| **CLASS 3** | $0.00 |
| **CLASS 4** | $0.00 |
| **CLASS 5** | $20,275.09 |
| **SUB-TOTAL** | $105,231.00 |
| **CHAPTER 13 TRUSTEE'S FEE (Estimated 10% unless advised otherwise)** | $10,523.00 |
| **TOTAL PAYMENT** | $115,754.00 |

## V.   OTHER PROVISIONS

A.   The Debtor rejects the following executory contracts and unexpired leases.

**Name of Other Party:**                              **Description of contract/lease:**
-NONE-

B.   The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):

**Name of Other Party:**                              **Description of contract/lease:**
-NONE-

C.   In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:

**Creditor Name:**                              **Monthly Payment:**
-NONE-

D.   The Debtor hereby surrenders the following personal or real property. (*identify property and creditor to which it is surrendered*):

**Creditor Name:**                              **Description:**
Yamaha/gemb                              Boat - Surrender Property

E.   The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F.   Miscellaneous provisions: (*use attachment, if necessary*):

Debtor will turn over all tax refunds to the trustee

G.   The chapter 13 trustee is authorized to disburse funds after the date confirmation is announced in open court.

H.   The Debtor will pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I.   The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                              Page 8                              **F3015-1.01.CHAPTER13.PLAN**

## VI.    REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the chapter 13 trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Date:    November 10, 2015

Joseph R. Manning, Jr  223381
223881
Attorney for Debtor

Paul Brian Garcia
Debtor

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California

December 2012    Page 9    F3015-1.01.CHAPTER13.PLAN